IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DAVID RYAN H.,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | Case No. 1:25-cv-00039-CMR<br><br>**MEMORANDUM DECISION AND ORDER AFFIRMING ALJ DECISION**<br><br>Chief Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 8). 28 U.S.C. § 636(c). Plaintiff David Ryan H. (Plaintiff), pursuant to 42 U.S.C. § 405(g), *seek*s judicial review of the decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act). After careful review of the record (Certified Administrative Record (Tr.), ECF 10), the parties' briefs (ECF 17, 21, 22), the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free from reversible error. For the reasons discussed below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 17) and AFFIRMS the decision of the Commissioner.

## I.     BACKGROUND

Plaintiff was 43 years old on his disability onset date of December 30, 2020 (Tr. 61). Plaintiff filed an application for benefits on October 6, 2021, alleging disability due to severe posttraumatic stress disorder (PTSD), arthritis in hips, arthritis in spine, and chronic pancreatitis (Tr. 61). The ALJ followed the Commissioner's five-step sequential evaluation process for

disability claims.  *See* 20 C.F.R. § 404.1520(a)(4).  In a decision dated January 24, 2025, the ALJ determined at step two that Plaintiff had severe impairments of chronic pain syndrome, alcohol abuse disorder, seizure disorder related to alcohol withdrawal, alcohol induced pancreatitis, bilateral hip osteoarthritis, lumbar degenerative disc disease with facet arthropathy, cervical degenerative disc disease, generalized anxiety disorder, depression, and PTSD (Tr. 3615). The ALJ found that Plaintiff's right lateral epicondylitis, hypertension, fibromyalgia, bilateral tinnitus and hearing loss, small hiatal hernia, right femur fracture, fatty liver, and diffuse hepatic steatosis were non–severe impairments (*id.*).

At step three, the ALJ considered Plaintiff's spinal impairment under Listings 1.15 and 1.16, joint impairment under Listing 1.18, and epilepsy under Listing 11.02, finding the criteria not met (Tr. 3615–16). The ALJ considered Plaintiff's mental impairments under Listings 12.04, 12.06, and 12.11, finding mild limitation in understanding, remembering, or applying information; and moderate limitations in interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself (Tr. 3616–17). The ALJ next determined Plaintiff had the residual functional capacity (RFC) to perform light work with additional limitations (Tr. 3618). The ALJ found at step four that Plaintiff had no past relevant work (Tr. 3625). Consistent with vocational expert testimony, the ALJ found at step five that Plaintiff could perform jobs existing in significant numbers in the national economy (Tr. 3626). The ALJ therefore concluded that he was not disabled and denied disability benefits (Tr. 3627). The ALJ decision became the Commissioner's final decision when the agency's Appeals Council denied her request for review.  *See* 20 C.F.R. § 404.981. The court has jurisdiction under 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting 42 U.S.C. § 405(g)).  The substantial evidence threshold "is not high," and "defers to the presiding ALJ, who has *see*n the hearing up close."  *Id.* at 103, 108.  Substantial evidence is "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Under this deferential standard, the court may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).  If the evidence is susceptible to multiple interpretations, the court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## III.    DISCUSSION

Plaintiff makes several claims of error relating to the ALJ's RFC determination, arguing that the ALJ did not properly evaluate Plaintiff's mental impairments, pancreatitis, or subjective symptoms (Pl. Br. at 12–25).  An ALJ must consider the effects of all the claimant's medically determinable impairments—including those found severe and those found non–severe—when assessing the RFC.  20 C.F.R. § 404.1545(a)(2). Relevant here, the ALJ found at step two that Plaintiff's alcohol induced pancreatitis, generalized anxiety disorder, depression, and PTSD were severe impairments (Tr. 3615). In the RFC determination, the ALJ found that Plaintiff could perform light work with the following non-exertional limitations: "he can perform simple, goal–

oriented but not assembly line paced work; he can occasionally interact with co-workers, supervisors, and the general public; and he can adapt to routine changes in the workplace" (Tr. 3618). *See id.* § 404.1520a(d)(1). For the reasons stated below, the court finds that the ALJ's RFC determination is supported by substantial evidence.

**A.      The ALJ reasonably evaluated PA Espinoza's opinion.**

Plaintiff argues that the ALJ erred in failing to include additional limitations based on the opinion of Sarah Espinoza, PA-C (PA Espinoza) (ECF 17, Plaintiff's Brief (Pl. Br.) at 12). Specifically, Plaintiff takes issue with the ALJ's finding that PA Espinoza's checkmark form opinion was unpersuasive and disagrees with the ALJ's findings regarding supportability and consistency (*id.* at 13–19). The Commissioner responds that the ALJ's analysis of the medical opinions and other record evidence is supported by substantial evidence (Def. Br. at 12–14).

An ALJ considers five factors when evaluating the persuasiveness of a medical opinion or prior administrative medical finding: supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c). The ALJ is required to discuss only two factors—supportability and consistency. *Id.* § 404.1520c(b)(2); *see Nielsen v. Comm'r, SSA*, No. 21-4136, 2022 WL 15570650, at *2 (10th Cir. 2022). In determining supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). In other words, "a supportability inquiry examines how well a medical source supported and explained their opinion." *S.E.H. v. Kijakazi*, No. 21-cv-01845-CMA, 2022 WL 6730905, at *3 (D. Colo. Oct. 11, 2022) (citing *Vellone v. Saul*, 1:20-cv-00261 (RA) (KHP), 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021)). Regarding consistency, "[t]he more consistent

a medical opinion or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). Thus, "consistency is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Vellone*, 2021 WL 319354, at *6.

Here, PA Espinoza provided a mental capacity assessment checkmark form in January 2022 (Tr. 574–77). PA Espinoza opined that Plaintiff had various mild, moderate, and extreme limitations in mental abilities needed for work, and that he would miss three or more days of work per month (Tr. 575–76). The ALJ determined that this opinion was unpersuasive because "[it] is a checkmark form lacking a narrative explanation," and "[i]t is not consistent with the overall evidence that shows the claimant's mental functioning" (Tr. 3624).[1]

The ALJ then noted treatment records indicated that Plaintiff had an anxious mood and blunted affect with limited insight and judgment, but he had above average intellect, normal memory, thought process, perception, and no hallucination or delusion (Tr. 3679–80 (citing Tr. 3297)). Other medical records demonstrated that Plaintiff was doing "ok", "fairly well" with a relatively stable mood, or that his symptoms were well controlled and improved with medications (Tr. 3679–80 (citing Tr. 45, 698, 798, 1907, 1939)). He had an intact memory and cognitive abilities (Tr. 3679–80 (citing Tr. 85, 96)). The ALJ further considered Plaintiff's testimony that his conditions had improved since he stopped drinking alcohol in March 2021 (Tr. 3679) and that

---

[1] Plaintiff takes issue with the ALJ rejecting a checkbox opinion and relies on the *Hansen* case, which, unlike the case here, lacked analysis of the provider's treatment notes (Pl. Br. at 14-15 (citing *Hansen v. Kijakazi*, No. 1:21-CV-00051-CMR, 2022 WL 3226751, at *4 (D. Utah Aug. 10, 2022)). Here, as acknowledged by Plaintiff, the ALJ did cite to PA Espinoza's treatment notes (Pl. Br. at 15 (citing Tr. 3624)) as well as taking into consideration the lack of a narrative explanation to support her opinion. *See Luke B. v. Kijakazi*, No. 2:21–CV–00278–JCB, 2022 WL 656725, at *3 (D. Utah Mar. 4, 2022) (" [T]he ALJ articulated his consideration of the ' supportability' factor when he stated that [an] opinion was ' not supported with explanation or rationale in the checkbox form' … .").

his mental health medications somewhat alleviated his symptoms, and therapy was helpful (Tr. 3675).[2]

The ALJ also considered state agency psychological consultant Charles Raps, Ph.D.'s (Dr. Raps) findings that Plaintiff was able to function in a lower stress environment with tasks learned in up to six months, at a slower pace, with some reduction in social exposure (Tr. 67–68). Similarly, on reconsideration, Rosemarie Carlson, Ph.D. (Dr. Carlson), determined that Plaintiff was capable of performing and persisting at instructions that can be learned in three to six months in a low stress environment with low social/public contact and low time and productivity pressure (Tr. 98). The ALJ determined that these findings were generally persuasive as they were supported by and consistent with the record (Tr. 26–27).[3]

Plaintiff claims the ALJ did not properly assess PA Espinoza's opinion as unpersuasive, arguing her opinion is supported by her treatment notes (Pl. Br. at 15–16 (citing Tr. 781, 806, 808, 817, 3490, 353)). Plaintiff also argues her opinion is consistent with Plaintiff's reported panic attacks, outbursts, night terrors, urges to self\harm, avoiding eye contact, anxious attitude, and constricted affect as well as struggling to focus, sit still, and make plans (Pl. Br. at 17–19 (citing (Tr. 695, 1907–11, 806, 817, 3291, 3553, 3492, 2008)). Plaintiff relies on the *Gonzales* case to argue that the record reflects "the waxing and waning of the severity" of Plaintiff's symptoms (Pl.

---

[2] The ALJ reasonably found that Plaintiff's reported symptoms were inconsistent with objective medical evidence. *See* 20 C.F.R. § 404.1529(c)(4). Even in cases involving mental impairments, "objective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms[.]" Social Security Ruling (SSR) 16–3p, 2017 WL 5180304, at *5.

[3] It was reasonable for the ALJ to rely on these findings to find that PA Espinoza's opinion was not persuasive. *See* 20 C.F.R. § 404.1513a(b)(1) (State agency medical or psychological consultants "are highly qualified and experts in Social Security disability evaluation."); *see also* SSR 17–2p, 2017 WL 3928306, at *3 (stating that state agency medical and psychological consultants "are highly qualified medical sources who are also experts in the evaluation of medical issues in disability claims under the Act").

Br. at 19 (quoting *Gonzales v. Comm'r, Soc. Sec. Admin.*, No. 19–CV–03453–MSK, 2021 WL 1138062, at *7 (D. Colo. Mar. 25, 2021))).

Plaintiff's argument that the ALJ should have weighed PA Espinoza's opinion differently is unavailing. *See Lax*, 489 F.3d at 1084 (determination founded on substantial evidence must stand even if reviewing court would have decided the matter differently); *see also Alarid v. Colvin*, 590 F. App'x 789, 795 (10th Cir. 2014) (plaintiff may not demand that reviewing court reweigh evidence). As explained above, the ALJ adequately considered each medical opinion and prior administrative medical finding and was simply required to articulate consideration of (1) their persuasiveness, (2) the supportability factor, and (3) the consistency factor. 20 C.F.R. § 404.1520c(b). So long as the court can "trace the path of the adjudicator's reasoning," the ALJ has met the articulation requirements. *See Nielsen*, 2022 WL 15570650, at *5. Because the court can follow the ALJ's reasoning here in evaluating PA Espinoza's opinion and the other medical opinions and record evidence relating to Plaintiff's mental impairments, the court finds that the ALJ's RFC determination is supported by substantial evidence.

**B.      The ALJ reasonably evaluated Plaintiff's pancreatitis.**

Plaintiff argues that the ALJ erred in failing to include additional limitations in the RFC determination to account for Plaintiff's chronic diarrhea and gastrointestinal issues relating to his alcohol–induced pancreatis (Pl. Br. at 20–21). Specifically, Plaintiff relies on the *Pace* case to argue that the ALJ's failure to include any limitations related to bathroom usage is reversible error (*id.* (citing *Pace v. Colvin*, No. 16-cv-00007-RBJ, 2016 WL 7383404, at *9–10 (D. Colo. Dec. 21, 2016)). The Commissioner responds that the ALJ adequately considered the medical evidence and Plaintiff's testimony regarding his pancreatitis symptoms (Def. Br. at 5–7).

In considering Plaintiff's pancreatitis, the ALJ found that "[t]he new medical evidence of record indicates that . . . the claimant's pancreatis has actually improved since the prior hearing" based on normal findings from a colonoscopy and endoscopy (Tr. 3623 (citing Tr. 3900, 3907)). The ALJ noted Plaintiff's reports that his pancreatitis was doing "pretty well," and his pain was being managed with medication (Tr. 3623 (citing Tr. 4123)). The ALJ also acknowledged recent emergency room visits with reports of vomiting, diarrhea, and severe abdominal pain (Tr. 3620).

The Tenth Circuit has long held that the mere presence of an impairment does not establish limitations or disability. *See Terwilliger v. Comm'r, Soc. Sec. Admin.*, 801 F. App'x 614, 622 (10th Cir. 2020) ("[Plaintiff] identifies no inconsistency between the RFC for a limited range of light work and [various] diagnoses, nor does he explain how the diagnoses translate to any specific functional limitations that are inconsistent with the RFC. Indeed, without any specific functional limitations, there is no obvious impact on the RFC, as the diagnoses alone do not automatically establish he was disabled."). Instead, Plaintiff bears the burden of proving the specific limitations his pancreatitis caused. *See* 20 C.F.R. § 404.1545(a)(3) (claimant is generally responsible for providing the evidence used in making the RFC finding).

Here, Plaintiff points to the emergency room visits showing that he experienced abdominal pain likely caused by his pancreatitis, but those records do not show that he had debilitating diarrhea symptoms that would require an RFC limitation for unscheduled breaks or excess time during scheduled breaks (*see* Pl. Br. at 20 (citing Tr. 3967 (imaging showing fatty liver), 3969 (complaint of diarrhea two days prior), 4007 (ER visit for seizure), 4025 (ER visit for abdominal pain))). Plaintiff also points to his own testimony that his pancreatitis caused extreme diarrhea (Pl. Br. at 20 (citing Tr. 3654, 3660)). However, the ALJ found that Plaintiff's statements were not entirely reliable as they were inconsistent with the rest of the record (Tr. 3677–81). *See Wall v.*

*Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009). Given that the ALJ thus adequately considered Plaintiff's pancreatitis when assessing his RFC, the court finds that the RFC determination is supported by substantial evidence.

**C.      The ALJ's symptom evaluation is supported by substantial evidence.**

Plaintiff argues that the ALJ erred in failing to adequately evaluate Plaintiff's subjective symptoms (Pl. Br. at 22–25). In response, the Commissioner argues that the ALJ's properly evaluated Plaintiff's symptoms in light of his activity level, objective medical evidence, effective treatment, and the medical opinions (Def. Br. at 8–10).

The RFC assessment must address the claimant's reported symptoms. *See* 20 C.F.R. § 404.1529; Social Security Ruling (SSR) 16–3p, 2017 WL 5180304. "Since the purpose of the [symptom] evaluation is to help the ALJ assess a claimant's RFC, the ALJ's [symptom] and RFC determinations are inherently intertwined." *Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009). Plaintiff claimed to experience debilitating symptoms (*see* Tr. 3675–81). Agency regulations lay out factors that an ALJ must consider when evaluating a claimant's symptoms. *See* 20 C.F.R. § 404.1529. However, there is a "difference between what an ALJ must consider as opposed to what he must explain in the decision." *Mounts v. Astrue*, 479 F. App'x 860, 866 (10th Cir. 2012). The ALJ need only set forth the specific evidence on which she relied. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000); *Poppa*, 569 F.3d at 1171.[4]

---

[4] Even if the court were to disagree with one or more of the ALJ's stated reasons for finding Plaintiff's reported symptoms unsupported, it should nevertheless affirm if substantial evidence supports the ALJ's other stated reason(s). *See Wilson v. Astrue*, 602 F.3d 1136, 1145–46 (10th Cir. 2010) (affirming the ALJ's symptom evaluation despite finding one of the reasons given by the ALJ was not supported by substantial evidence); *Pickup v. Colvin*, 606 F. App'x 430, 433–34 (10th Cir. 2015) (affirming the ALJ's symptom evaluation despite finding two of the reasons given by the ALJ were not supported by substantial evidence).

Here, the ALJ found Plaintiff's reported symptoms were inconsistent with other evidence (Tr. 3677). This finding is due "particular deference" by the court. *White v. Barnhart,* 287 F.3d 903, 910 (10th Cir. 2002). The court must uphold an ALJ's symptom evaluation when it is supported by substantial evidence. *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). The court should find "no substantial evidence" supports an ALJ's decision only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Such is not the case here, as the ALJ gave well-supported reasons for concluding Plaintiff's reported symptoms were not as severe as he claimed, including Plaintiff's daily activities, objective medical evidence, and effective treatment (Tr. 3618–23).

First, a disability claimant's activities are relevant to the symptom evaluation. 20 C.F.R. § 404.1529(c)(3)(i). Although the "sporadic performance" of activities like performing a few household tasks "does not establish that a person is capable of engaging in substantial gainful activity," *Frey v. Bowen*, 816 F.2d 508, 516–17 (10th Cir. 1987), an ALJ may consider such activities when, as here, they undercut a claimant's reported symptoms. *See Wilson v. Astrue*, 602 F.3d 1136, 1146 (10th Cir. 2010). Here, as noted by the ALJ, Plaintiff testified that he liked to read and could eventually finish a book as well as grocery shop and perform light chores, among other daily activities (Tr. 3619).

Second, "objective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms . . . ." SSR 16–3p, 2017 WL 5180304, at *5; *see* 20 C.F.R. § 404.1529(c)(4) ("[W]e will evaluate your statements in relation to the objective medical evidence."). The ALJ thoroughly discussed evidence that was inconsistent with Plaintiff's allegations of disabling mental allegations. The ALJ considered Plaintiff's testimony

that his conditions had improved since he stopped drinking alcohol in March 2021 (Tr. 3622). The ALJ also noted treatment records indicated that Plaintiff had above average intellect, normal memory, thought process, perception, and no hallucination or delusion (*id.*).

Finally, the effectiveness of a claimant's treatment is relevant to the symptom evaluation. *See* 20 C.F.R. § 404.1529(c)(3)(iv). Regarding Plaintiff's physical impairments, the ALJ considered that Plaintiff had good response when he presented to the ER for abdominal pain, and medications helped with his chronic pain and abdominal pain (Tr. 3623).

In sum, some evidence was suggestive of greater limitations and some evidence was suggestive of lesser limitations. The ALJ as factfinder reasonably resolved those inconsistencies when he concluded that Plaintiff, though significantly limited, remained capable of a reduced range of unskilled light work. *See Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) ("[T]he record contains support for both the notion that [the claimant] has extreme deficiencies . . . and the notion that his . . . limitations are not that severe. The ALJ was entitled to resolve such evidentiary conflicts and did so."). The ALJ's evaluation of Plaintiff's symptoms is therefore supported by substantial evidence and free from legal error.

## IV.    CONCLUSION AND ORDER

Because the ALJ's decision is supported by substantial evidence and legally sound, it is AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 25 March 2026.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah.